May it please the Court, my name is Robert Wolfe. I appear on behalf of AmeriCERT. I suggest to you that this matter before you is really one that considers the interplay between Rule 59 and state substantive law that provides that a court has the ability to frame equitable relief where there is a pray for relief under a general prayer. What I don't understand is that you never sought to recover the property in your complaint. Why can't you sue for damages or a conversion of the property? So how can the judgment be fairly amended to now give you something that you never asked for? Your Honor, I would draw a distinction between a prayer for relief and a cause of action. The cause of action, which we allege several, both sides allege several, what we ended up with was a no verdict for straight through processing. Their attempts to regain title to the hardware and software were defeated. The undisputed evidence was that we had title to the hardware and the software, we meaning AmeriCERT, and that That wasn't ever found any place, was it? It was, Your Honor. Well, but the judge said, I mean, here we have a jury who says, in effect, these people ought to go back and work out how much of STP Mr. I don't know how to say it. Millett. Mr. Millett ought to get. Neither one ought to get it. It isn't something that anybody ought to get. Everybody, Millett ought to go back and see how much of STP he owns. And the district court, which you all allowed to do the equitable part of the case, said the same thing. Go back and deal with how much Mr. Millett ought to get out of his, out of the deal that's been struck here. And now, after all of that, with your particular issue not even in front of them, you want to amend and say, I get my stuff back. Respectfully, Your Honor. What did you ask for? I mean, when you made your pleading, where is it that you asked for this other than in the prayer? And that's construing the prayer as best we can. I mean, this would say that in every prayer for relief, as long as you write any equitable and legal stuff that you think is appropriate, Judge, that in each one of those circumstances there would never be a motion for judgment on the pleadings because it's right there. That's what you're really suggesting. No, sir, I suggest we're not. What I suggest is that at the conclusion of a trial, and let me suggest one other thing. The matters that were submitted to the jury were not judgment for the plaintiff on count one or count two or count three. There were special questions to the jury only. So the jury was asked to find, was there a breach of contract? Was there some other fact that would be found that would afford the judge the opportunity to exercise his equitable judgment, his equitable or discharge, convey some equitable relief? Was there a breach of contract? No. Was there intentional misrepresentation? No. Was there breach of fiduciary duty? No. Was there conversion? And the jury instruction on conversion was the act of willfully interfering with any chattel without lawful justification, whereby any person entitled thereto is deprived of possession of it. And the jury said no. I agree. The undisputed evidence was we let them keep it until this decision was to be resolved. We had no expectation. Frankly, nobody on either side anticipated this result in front of the jury. There's no doubt. I confess to that in my brief. I didn't try to pull any wool over anyone's eyes. What happened was that both sides went in saying there's a royal agreement. Both sides went in and saying Ameristers got title. They, meaning the other side, moved for a decision saying we should get title. What happened was title was left with us, even in the judge's order denying. Well, in the judge's order under their request for specific performance on the title, he denied it, finding that we should retain title. He specifically referred to software, but their count four asked for a transfer of title for both hardware and software. That was denied. So there's no question we have title to the hardware and software. But what we're left with is a situation that is untenable. We can exercise no rights under that title without further relief. Isn't that your unfairness argument somewhat undermined by the fact that your client actually purchased the property with STP's money and on STP's behalf? I think the jury found, if I may interpret the jury findings was, okay, we don't know exactly what this contract was, but we are going to let the status quo remain. And that is title to the hardware and software with a merits cert. That is okay as long as we can exercise the rights normally attended to title. Let me ask you a question. What's the standard of review for your motion? Two. A motion for rule 53E. What's the standard? It's abuse of discretion. Okay. So we have to give the judge who sees this and now has heard all this evidence down there, gone through the trial, determined what had been determined and now determined that he wasn't even going to weigh in and grant anybody any relief. And everybody was to go back to the table and try to execute the contract they put together. That's what the jury was saying. Nobody ought to get anything different. And now he says, no, we're not going to do this. We're not going to take this property. We're going to make them go back and do what the jury says to do. And I'm, what is the law, where is the case that suggests that what he did was an abuse? Under your, under the Ninth Circuit law, abuse is defined as applying the wrong rule of law, making an error of law. I suggest, respectfully, that at page 8 of our Record Appendix, Volume 1, we find his grounds for denying our Rule 59 motion. There were three of them. First of all, you're not supposed to raise arguments or present evidence for the first time when they could be reasonably presented earlier in the litigation. He didn't explicitly raise the request for return of the property. Not in the complaint. I agree. Not in the pretrial conference order either. I agree. Nothing, zero. That's why state law says, look. We're not dealing with state law on the Rule 59. I think it's substantive, Your Honor. It's not something procedural. We're dealing with the judge's exercise of discretion on whether everything that he heard is appropriate to amend the judgment. But it's de novo as to what standard he uses. I suggest under Ninth Circuit law, the Ninth Circuit should be looking to state law, if it's substantive, on what kind of relief you should grant. If it's, the state law is very clear. Before a judgment or after a judgment, if there is an inequity, if justice so requires, the court is empowered to do something about it on a post-judgment motion, a Rule 59 motion. In Federal court, I suggest that the Federal judge has the same ability. There's no question that he could have amended the judgment if he thought it was appropriate. He didn't think it was appropriate. And he tells us why. Yes, but the reasons he used were not the appropriate reasons. First of all, you didn't ask for it even in the pretrial conference order. I agree. He didn't raise it during the course of the trial, apparently. Agreed. All right. So he wasn't, so that wasn't good enough. Second, he thought that it was inconsistent with the jury's verdict. I suggested and I explained why that's wrong. Well, you didn't raise it before because you thought you were going to prevail on the conversion and you didn't. So you lost. That's not a basis for coming in afterwards and modifying the judgment so that you get something the jury said you couldn't have. Your Honor, the undisputed testimony was we let them keep this until the trial. The, and he gave the perfect instruction. If somebody deprives you of possession without permission, there's conversion. We gave them permission. We testified to that. That's in the record. So I could understand perfectly why the jury said, no, there's no conversion here. Let these guys figure it out at the end. I agree with the court. And therefore, you ought to go negotiate with STP as to how much part of STP you own, if any, rather than in here trying to get the property back. That's what the judge said. Based on what the jury came down with, you ought to be back negotiating for your share of STP that you ought to have, if any, and that's where we are. Respectfully, Your Honor, STP is in Antigua. We have no means of enforcing any rights that we would have under title. Well, you went to Antigua. Your client went there. He negotiated the deal. He was there. If Antigua's not a great place, it's his own fault. I can't do anything to help him about that. What did he claim that the value of that property is? The evidence was it was about $3 million. The bank paid about $1.4 million because of the discounts that we realized. So what's in play, if you will, is $1.4 million. But in the course of all of this thing, the business plan changed, everything else. This went from a settlement platform that was going to provide services to the Eastern Caribbean Central Bank to the back office of a small bank. It got a lot bigger since we've gone, but it's still the back office of a small bank with no profit center. It's a different deal totally. All right. Well, you're over your time, so thank you very much, counsel. Thank you, Your Honor. Good morning, Your Honors. Margaret Boyle, and I represent straight-through processing, or STP. I think the Court has properly framed the issue that's before the Court this morning, and that is, did Judge Robart abuse his discussion when denying Americert's motion to amend the judgment? And it is STP's position, as argued in our brief, that that has not been shown. I think the standard is clear. I think Judge Robart's ruling should be affirmed by this Court. Did the jury make any finding that they possessed title? Title was never an issue. We weren't contesting that Americert held title. We were, of course, contesting that they held title to more than we initially intended, but we weren't saying that they should be stripped of the title. And I do think that the Court has interpreted the jury finding correctly, and unfortunately for my party, you guys are left to your own devices. Go back and figure it out. And we're prepared to do that. I do think that I'm hopeful we can, but, again, I don't think the jury resolved anything one way or the other. I think they just said go back and figure it out. I do want to address just a couple points that the appellant raised, and that is that the testimony was not undisputed that Mr. Millett and Americert allowed my client to use that property for the period of time pending trial. That was never addressed beforehand. When he testified to it at trial, it was rebutted. And that is that my client's position was Mr. Millett left the island with the codes to certain software, and that's what prevented my client from using particular software that was purchased in Americert's name, unknowing to my client, and that was the basis of our conversion claim. Mr. Millett said he did not leave the island with the codes. The jury, for whatever reason, ruled against my client on the conversion claim. Perhaps they believe Mr. Millett. But regardless, it was not uncontested that Mr. Millett or Americert were letting my client use that property pending trial. Unless the Court has any other questions. Okay. Thank you very much. Thank you. SCP v. Americert is submitted.
judges: Wardlaw, Paez, Smith N. R.